```
                                          FILED
                                        DEC 15 2011
                                    CLERK US DISTRICT COURT
                                  SOUTHERN DISTRICT OF CALIFORNIA
                                  BY                    DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

June 2011 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | Case No. 11 CR 5737 LAB |
|                                 ) | |
|            Plaintiff,           ) | I N D I C T M E N T |
|                                 ) | |
|      v.                         ) | Title 18, U.S.C., Sec. 2251 - |
|                                 ) | Sexual Exploitation of a Child; |
| LINO MEZA LOPEZ,                ) | Title 18, U.S.C., Sec. 2422(b) - |
|      aka "Mr. Francisco",       ) | Enticement of a Minor; Title 8, |
|      aka Javier Fajardo,        ) | U.S.C., Sec. 1326(a) - Deported |
|                                 ) | Alien Found in United States; |
|            Defendant.           ) | Title 18, U.S.C., Secs. 2253 and |
|                                 ) | 2428 - Criminal Forfeiture |

The grand jury charges:

Count 1

On or about and between April 2011 and October 14, 2011, within the Southern District of California, and elsewhere, defendant LINO MEZA LOPEZ, aka "Mr. Francisco", aka Javier Fajardo, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transmitted and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and was produced using materials that had been mailed, shipped, and transported in or affecting interstate and foreign commerce by any means, including by computer; in violation of Title 18, United States Code, Sections 2251(a) and (e).

APS:lml:San Diego
12/13/11

Count 2

On or about and between April 2011 and October 14, 2011, within the Southern District of California, the defendant, LINO MEZA LOPEZ, aka "Mr. Francisco", aka Javier Fajardo, using any facility and means of interstate and foreign commerce, including the mail, telephone and by computer, did knowingly persuade, induce, entice, and coerce, an individual under the age of 18 years, to engage in prostitution and any sexual activity for which a person can be charged with a criminal offense; in violation of Title 18, United States Code, Section 2422(b).

Count 3

On or about October 14, 2011, within the Souther District of California, defendant LINO MEZA LOPEZ, aka "Mr. Francisco", aka Javier Fajardo, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General or his designated successor, the Secretary of the department of Homelands Security (Title 6, United States Code, Section 202(3) and (4) and 557), having expressly consented to the defendant's reapplication for admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

//
//
//
//
//
//
//
//

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1-2 of this Indictment are realleged and by reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 2253 and 2428.

2. Upon conviction of the offense alleged in Counts 1-2, which involves violations of Title 18, United States Code, Section 2251 (sexual exploitation of a minor) and Section 2422(b) (enticement of a minor), defendant LINO MEZA LOPEZ shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 2253 and 2428, all right, title and interest in: (1) any property, real or personal, used or intended to be used to commit or to facilitate the commission of the offense; and (2) any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense. The property to be forfeited includes, but is not limited to, the following:

   a. One Sony Handycam Video Camera; and
   b. One Samsung SGH-T259 cell phone

3. If any of the forfeitable property described above in Paragraph 2, as a result of any act or omission of the defendant -
   (a) cannot be located upon the exercise of due diligence;
   (b) has been transferred or sold to, or deposited with, a third party;
   (c) has been placed beyond the jurisdiction of the Court;
   //

3

1         (d)   has been substantially diminished in value; or

2         (e)   has been commingled with other property which cannot

3 be subdivided without difficulty; it is the intent of the United

4 States, pursuant to Title 21, United States Code, Section 853(p), as

5 incorporated by Title 28, United States Code Section 2461(c), to seek

6 forfeiture of any other property of the defendant up to the value of

7 the forfeitable property described above in Paragraph 2.

8 All pursuant to Title 18, United States Code, Sections 2253 and 2428.

9     DATED: December 15, 2011.

A TRUE BILL:

_____
Foreperson

LAURA E. DUFFY
United States Attorney

By: _____
ALESSANDRA P. SERANO
Assistant U.S. Attorney

4