# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINO MEZA LOPEZ,<br><br>    Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. 11cr5737-LAB-1 and 13cv1775-LAB<br><br>**ORDER DENYING WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255** |

Petitioner Lino Meza Lopez pleaded guilty to one count of interstate travel in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952, and one count of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. He was sentenced to 46 months' imprisonment, and in a pending appeal is challenging the length of the sentence. He is represented by counsel on appeal.

On July 29, he filed a motion pursuant to 28 U.S.C. § 2255 to vacate the judgment against him. He says none of his lawyers are competent, that he was coerced into pleading guilty, and that he felt intimidated and under pressure during the criminal process. He also questions whether the translation of court proceedings to him was accurate.

Ordinarily a represented party would not be permitted to file his own motion. But because he is accusing his attorneys, including his counsel on appeal, of inadequate representation and because he has no right to counsel to file a § 2255 motion, the Court accepts his motion as filed.

The notice of appeal divests the Court of jurisdiction over the matters being appealed. *Natural Res. Def. Council, Inc. V. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). Here, however, Lopez is raising different issues than those raised on appeal.

Unfortunately for Lopez, his appellate counsel filed the transcript of the change of plea hearing (Docket no. 42), which shows he is not entitled to relief.

At the change of plea hearing, held February 21, 2012 before Magistrate Judge Louisa Porter, Lopez was under oath. (Docket no. 42, 7:4–8.) The record shows a qualified interpreter was present and performed the interpretation services. (*See, e.g., id.* at 15:19 (interpreter asking Judge Porter to repeat a question).) The transcript records Lopez's appropriate responses to questions, and all his responses are reported in English, showing that he understood what was being said to him and responded appropriately. (*See, e.g., id.* at 4:16–5:3 (Judge Porter questioning Lopez).)

At the hearing, Lopez testified he had not been promised anything other than what his plea agreement provided, that he had not been threatened in any way to persuade him to plead guilty, and that he was pleading guilty because he truly was guilty. (Docket no. 42, 12:22–13:8.) *See United States v. Sutton*, 794 F.2d 1415, 1422 (9th Cir. 1986) (bare allegation of coercion, unsupported by the record, was insufficient to set aside a plea).

It may well be that Lopez felt intimidated and under pressure, which is only natural when one has been arrested, charged with felonies, and held in custody. Where a conviction is likely, a defendant might feel even more stress. But general feelings of intimidation or stress because one is charged with crimes, or faces criminal penalties if convicted, do not render a guilty plea involuntary, nor are they a basis for setting aside such a plea. *See Tanner v. McDaniel*, 493 F.3d 1135, 1146 (9th Cir. 2007) (quoting *Miles v. Dorsey*, 61 F.3d 1459, 1470 (10th Cir. 1995)) ("Although deadlines, mental anguish, depression, and stress are inevitable hallmarks of pretrial plea discussions, such factors considered individually or in aggregate do not establish that Petitioner's plea was involuntary.") Lopez has not alleged

/ / /

/ / /

any facts that would suggest he was subject to greater stress than any other defendant in a similar position, nor are any apparent in the record.

The writ is **DENIED**.

**IT IS SO ORDERED**.

DATED: August 1, 2013

*/s/ Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge